IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES T. WENDT,                          )
                                         )
                        Petitioner,      )
                                         )
vs.                                      )          Case No. 08-cv-0034-MJR
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                        Respondent.      )

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

A.       <u>Introduction and Background</u>

Now before this Court is James Wendt's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Analysis of the petition begins with an overview of the procedural history of the underlying criminal case (Case No. 04-CR-30103-MJR).

During a July 2004 traffic stop just off Interstate 55/70, Wendt (who claimed to be on a two-day drive from Springfield, Missouri to Green Bay, Wisconsin) consented to a search of his Ford Expedition. The search produced several curious items, including a receipt indicating that Wendt had been in Dallas, Texas that very day (contrary to the details Wendt provided the officers regarding his travel path) and signs of a false compartment on the vehicle (with fresh paint over-spray covering a square welded area). Further inspection revealed both cash and 17 individually-wrapped bundles of cocaine.

1

Wendt was indicted for possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841.  After obtaining additional time to file motions, Wendt moved to suppress the evidence seized during the traffic stop, to suppress all statements he made on the date of that stop, and to quash his arrest.  The parties fully briefed the motions, and Wendt supplemented them with what he described as "newly discovered evidence."  The Court conducted a hearing June 6 and June 7, 2005, after which the parties were permitted to submit additional written arguments.

Ultimately, in a lengthy written Order, the undersigned Judge denied Wendt's motions to quash and suppress.  The Court immediately reset the trial.  Four days before trial was scheduled to commence, Wendt decided to plead guilty to the charges against him.  On June 23, 2005, Wendt (ably represented by retained counsel from Chicago) entered an open, conditional guilty plea under Federal Rule of Criminal Procedure 11.  Wendt and his counsel both signed a detailed Plea Agreement and a "Stipulation of Facts Relevant to Sentencing" (Docs. 89 & 90 in Case No. 04-CR-30103-MJR).

On October 21, 2005, this Court sentenced Wendt to (inter alia) 168 months in prison.  Judgment was entered.  Wendt appealed, challenging the denial of his suppression motion.  On October 19, 2006, the United States Court of Appeals for the Seventh Circuit affirmed this Court's suppression ruling and judgment.  ***U.S. v. Wendt***, **465 F.3d 814 (7th Cir. 2006).**

On January 17, 2008, Wendt moved to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. His petition presents four grounds – two based on perceived errors in the sentence imposed by this Court and two alleging ineffective assistance of counsel. The Government timely responded to Wendt's petition on November 20, 2008. Wendt did not avail himself of the opportunity to file a reply brief by December 29, 2008. Nor has he sought any extension of that deadline.

For the reasons stated below, the Court now dismisses Wendt's § 2255 petition.

An evidentiary hearing is not warranted. The issues raised can be resolved on the existing record, which conclusively demonstrates that Wendt is entitled to no relief. ***See* Rule 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS;** *Almonacid v. U.S.,* **476 F.3d 518, 521 (7th Cir. 2007);** *Gallo-Vasquez v. U.S.*, **402 F.3d 793, 797 (7th Cir. 2005);** *Galbraith v. U.S.*, **313 F.3d 1001, 1010 (7th Cir. 2002).**

B.   <u>Analysis</u>

28 U.S.C. § 2255 authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or … the court was without jurisdiction to impose such sentence, or … the sentence was in excess of the maximum authorized by law."

Relief under § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. ***See, e.g., Corcoran v. Sullivan*, 112 F.3d 836, 837 (7th Cir. 1997)(§ 2255 relief is available only to correct "fundamental errors in the criminal process").** As the Seventh Circuit has declared, § 2255 relief "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." ***Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)**, **citing *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). *Accord Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)("... relief under 28 U.S.C. § 2255 is reserved for extraordinary situations").**

Section 2255 cannot be used as a substitute for a direct appeal *or* to re-litigate issues already raised on direct appeal. ***Coleman v. United States*, 318 F.3d 754, 760 (7th Cir.)**, **cert. denied*, 540 U.S. 926 (2003). *Accord Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir. 1989)(§ 2255 petition "will not be allowed to do service for an appeal.").** Wendt did not raise on direct appeal the four issues presented in his § 2255 petition, but another obstacle blocks the review he seeks. Wendt waived his right to collaterally attack the sentence imposed by this Court.

In Section I of the Plea Agreement (Doc. 89 in Case No. 04-CR-30103-MJR, pp. 2-3), Wendt acknowledged that the Plea Agreement and accompanying factual stipulation constituted the parties' entire agreement. He stated that he "read this agreement and … discussed it with his attorney, and understands it." *Id.*, p. 4. Wendt attested that no promises, inducements or representations other than those specifically set forth in the agreement and stipulation had coaxed him to plead guilty.

Section II of the Plea Agreement set out the charges to which Wendt pled guilty, the Government's calculations as to the likely sentence under the Sentencing Guidelines (range of 188-235 months), Wendt's calculations of the sentence (range of 121-151 months), and the fact that the parties' calculations did not bind the undersigned Judge, who "ultimately will determine the guideline range." *Id.*, pp. 5-6.

Section III of the Plea Agreement provided as follows:

1.    The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial, with the sole exception of any appeal the Defendant may take from the District Court's Memorandum and Order of June 10, 2005, which rendered a ruling adverse to the Defendant on Defendant's Motion to Quash Arrest and Suppress Evidence.

2.    The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case [and] possible defenses and have explored all

> areas which the Defendant has requested relative to the Government's case and his defense.
>
> 3.     The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence.   Acknowledging all this, **and in exchange for the Government's agreement to consent to the entry of a conditional plea by the defendant pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested until Title 18 or Title 28, or under any other provision of federal law**....

*Id.*, pp. 7-8, emphasis added.

Excepted from this waiver was Wendt's right to take a limited appeal on certain narrow grounds.  Specifically, the Plea Agreement preserved Wendt's right to challenge this Court's denial of his motion to suppress and quash. As noted above, Wendt did take a direct appeal on the suppression issues.  The  Seventh Circuit rejected his appeal and affirmed this Court on October 19, 2006.

Wendt knowingly relinquished his right to directly or collaterally attack anything other than the specified issues carved out of the broad waiver. There was nothing ambiguous or confusing about what Wendt was giving up by executing the Plea Agreement.  The Agreement repeatedly references Wendt's "waiver of his appeal and collateral review rights" and the "waiver of his right to appeal or bring collateral challenges." *See, e.g.,* Doc. 89, p. 9.

A § 2255 waiver in a plea agreement is fully enforceable "unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." ***Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000).** In ***Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), *cert. denied*, 531 U.S. 1175 (2001)**, the Seventh Circuit reiterated that such waivers are fully enforceable, and "the right to mount a collateral attack pursuant to § 2255 survives *only with respect to those discrete claims which relate directly to the negotiation of the waiver.*" ***Id.* at 1069, *quoting Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999) (emphasis in original).** Wendt has <u>not</u> challenged the negotiation of the waiver itself,[1] and the record decimates any contention that he waived his right to collaterally attack the sentence unwittingly, accidentally, or under duress.

Stated another way, review of the transcript from the June 23, 2005 plea hearing scotches any argument that Wendt's plea was involuntary or unknowingly entered. At that hearing, the Court stressed the need to be absolutely certain that Wendt appreciated the step he was taking and all the consequences of his decision to plead guilty.

---

[1] Nowhere in the 2255 petition does Wendt assert that his trial-level counsel was ineffective in negotiating the waiver (or the plea agreement itself). He complains that his counsel, prior to the suppression hearing, "did no investigation to locate the driver of the Honda as Wendt has requested" (2255 Petition, Doc. 1, p. 8). Wendt plainly waived his right to present this claim via collateral attack.

The undersigned Judge began by cautioning:

> Mr. Wendt, today I want to be convinced before I let you plead guilty that you understand what you are doing, what your decision is, that it is knowing, voluntary, [that] nobody has pressured you into doing it, that you understand all of the ramifications. I want you to understand what rights you are going to give up….
> I'll go through a series of questions with you. If at any time you don't understand what I am asking you or you want me to explain it or if you have any questions, let me know…. Also, if you need to take a break to speak to your counsel confidentially, we can do that. This is not a time test.

Transcript of Plea Hearing ("Tr."), Doc. 10-3, pp. 4-5.

The undersigned Judge conducted a thorough plea colloquy with Wendt. Wendt confirmed that he understood the charges, that his three lawyers had been able to answer all questions he had regarding those charges and that he was completely satisfied with their efforts on his behalf (Tr., p. 6):

> Q. Are you fully satisfied with the counsel, representation and advice that has been given to you by your attorneys in this case?
> A. Yes.
> Q. There, I am talking about Mr. Meczyk, Mr. Pissetzky and Mr. Goldberg.
> A. Yes.
> Q. Is there anything they have been unwilling or unable to do with respect to the defense of your case?
> A. No.
> Q. Have they refused or failed to do anything with respect to the defense of your case that you requested of them?
> A. No.

Wendt acknowledged that he had seen and read the Plea Agreement, that before he signed it he went "over it in detail" with his attorneys, that he knew or understood everything contained in the agreement, and that he had no questions about the agreement. Tr., pp. 7-8.

The undersigned Judge specifically addressed the "open" nature of the plea agreement *and* the waiver of appeal rights (carefully delineating what Wendt could and could not raise on appeal). Tr., pp. 10-16. As to the fact that Wendt retained the right to appeal this Court's suppression ruling, the undersigned Judge emphasized the consequences if Wendt's challenge failed. Wendt understood that he would be left with no other avenues for relief.

> Q.      Okay. I can't tell you what the Court of Appeals is going to do with the Order in which I denied your Suppression Motion…. I want you to know that I think it was correct. I don't think it was a close call…. I know you are hopeful on that appeal, but I want you to know that I don't think you are going to win, and I am telling you that only because I want to make sure that you understand as you go into this that **if you lose that appeal that there is nothing that can be done**. Do you understand that?
>
> A.      Yes.

Tr., p. 18 (emph. added).

The Court pointedly queried Wendt whether anyone (attorneys, friends, family members or others) "made any promises or guarantees or assurances … of any kind … to get you to plead guilty," told him he "was likely to win his appeal" or suggested he "had a great case" on appeal. Wendt replied

"No" to each of these questions.  Tr., pp. 17-18.

In addition to addressing the various rights Wendt would sacrifice by pleading guilty, the Court asked Wendt whether he believed that the Government could prove beyond a reasonable doubt that he had distributed the narcotics in question, to which Wendt responded affirmatively.  Tr., pp. 18- 23.

A second series of questions, directed at Wendt *after* the Government laid out the factual basis for the plea, similarly produced affirmative recognition that Wendt agreed with the Government's recitation and agreed that the Government could prove "it all against you beyond a reasonable doubt."  Tr., p. 26.   The Court then asked whether Wendt had "understood everything that has happened so far" (Wendt said yes) and had "[a]ny questions at all" (Wendt said no).  Tr., p. 27.  The undersigned Judge then declared:

> The Court finds that Mr. Wendt is fully competent and capable of entering an informed plea, he is aware of the nature of the charges and the consequences of his plea, and his plea of guilty is both knowing and voluntary….   The plea is, therefore, accepted….

Tr., pp. 27-28.

The Court then explained to Wendt what would happen next, *i.e.*, the preparation of the pre-sentence report and the sentencing, after which the Court again asked whether Wendt had any questions, and he responded "No."  Tr., pp. 28-29.

10

These exchanges demonstrate that Wendt's decision to execute the Plea Agreement, including the waiver provisions contained therein, was knowing and voluntary. In exchange for Wendt's waivers, the Government made concessions – agreeing to the entry of a conditional plea under Rule 11(c) and preserving Wendt's ability to appeal the undersigned Judge's suppression ruling. Wendt's § 2255 petition presents no ground that justifies permitting him to renege on his promise and deprive the Government of the benefit of its bargain. The Seventh Circuit has cautioned against that course of action:

> Empty promises are worthless promises; if defendants could retract their waivers … then they could not obtain concessions by promising not to appeal. Although any given defendant would like to obtain the concession *and* exercise the right as well, prosecutors cannot be fooled in the long run…. [Defendant] exchanged the right to appeal for prosecutorial concessions; he cannot have his cake and eat it too.

*United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995). *See also Roberts v. United States,* 429 F.3d 723, 724 (noting, in context of appeal/collateral attack waiver, that Seventh Circuit has "never been reluctant to hold criminal defendants to their promises").

In the instant case, as in *United States v. Lindner*, 530 F.3d 556, 561 (7th Cir. 2008), the waiver provisions of the plea agreement are clear and unambiguous, the defendant acknowledged under oath that he

understood the waiver, and "the record shows that the defendant knowingly and voluntarily entered into the agreement." Because Wendt's plea was informed and voluntary, the waivers contained therein "must be enforced." **Nunez v. United States**, 546 F.3d 450, 453 (7th Cir. 2008). *See also* **United States v. Mason**, 343 F.3d 893, 894 (7th Cir. 2003); **United States v. Whitlow**, 287 F.3d 638, 640 (7th Cir. 2002).

      C.   <u>Conclusion</u>

The Court **FINDS** the waivers in the Plea Agreement valid and enforceable. Wendt advanced no challenge to the negotiation of the waiver itself, instead attempting to collaterally attack two aspects of the sentence imposed by this Court, his counsel's failure to raise those two points on appeal, and his counsel's failure to conduct certain investigation related to the suppression motion. Wendt knowingly and voluntarily relinquished the right to advance these arguments via collateral attack.

Accordingly, the Court **GRANTS** the Government's motion (Doc. 10) and **DISMISSES** Wendt's § 2255 petition (Doc. 1) as barred by the terms of the Plea Agreement.

IT IS SO ORDERED.

DATED this 14th day of January 2009.

                            s/  *Michael J. Reagan*
                            MICHAEL J. REAGAN
                            United States District Court