IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES T. WENDT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0034-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

This civil case and an underlying criminal case (Case No. 04-CR-30103) trace back to a July 2004 traffic stop and consensual search which culminated in the discovery of 17 bundles of cocaine in James Wendt's Ford Expedition. Assisted by three retained, experienced criminal defense attorneys from Chicago, Wendt secured additional time to file motions to quash his arrest and suppress evidence. Trial was continued, briefs were filed, hearings were held, and evidence was presented.

After this Court denied Wendt's motions, Wendt elected to plead guilty to possession with intent to distribute cocaine. Specifically, Wendt entered an open conditional plea under Federal Rule of Criminal Procedure 11, reserving the right to challenge the suppression ruling on appeal. Wendt and his counsel signed a detailed written Plea Agreement and Stipulation of Facts, and the undersigned Judge engaged in a thorough colloquy with Wendt before accepting the plea.

In October 2005, the undersigned Judge sentenced Wendt to 168 months in prison. Judgment was entered, and Wendt appealed. In October 2006, the United States Court of Appeals for the Seventh Circuit affirmed this Court's suppression ruling and judgment. **U.S. v. Wendt, 465 F.3d 814 (7th Cir. 2006).**

In January 2008, Wendt moved to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. His petition presented four arguments, two based on perceived sentencing errors and two alleging ineffective assistance of counsel. On January 14, 2009, the undersigned Judge rejected all four arguments and dismissed Wendt's § 2255 petition. The basis for this Court's dismissal was the finding that Wendt had knowingly and voluntarily waived his right to collaterally attack the sentence.

On February 9, 2009, Wendt moved the undersigned Judge to reconsider the § 2255 ruling under Federal Rule of Civil Procedure 59(e). To borrow a phrase from Judge Rovner of the Seventh Circuit, "We need not linger too long" on the matter before this Court. **See U.S. v. Stephenson, – F.3d –, 2009 WL 367214, *4 (7th Cir. Feb. 17, 2009).** Wendt's motion to reconsider must be denied.

The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." Rule 59(e) permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment."

Rule 60(b) authorizes motions for relief from final judgments or orders.

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether Rule 59(e) or Rule 60(b) governed motions to reconsider. If the motion was filed *within* ten days of the date the challenged judgment or order was entered, Rule 59(e) applied. If the motion to reconsider was filed *more* than ten days after the judgment or order was entered, then Rule 60(b) applied, no matter how the motion was labeled. **See Romo v. Gulf Stream Coach, Inc.**, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001); **Britton v. Swift Transp. Co., Inc.**, 127 F.3d 616, 618 (7th Cir. 1997); **Russell v. Delco Remy Div. of General Motors Corp.**, 51 F.3d 746, 750 (7th Cir. 1995); **Hope v. U.S.**, 43 F.3d 1140, 1143 (7th Cir. 1994); **U.S. v. Deutsch**, 981 F.2d 299, 301 (7th Cir. 1992); **Charles v. Daley**, 799 F.2d 343, 347 (7th Cir. 1986)("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").

In 2008, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms….

> Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant) is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir.), *cert.* denied, 129 S. Ct. 417 (2008), *citing Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

*Borrero* and its progeny have broadened the approach to motions filed within the ten-day period following entry of judgment. But that is of little consequence here, because Wendt's motion was not filed within ten days.

Wendt asks this Court to reconsider its § 2255 ruling under Rule 59(e), but his motion was filed one day too late to properly be considered under that Rule. Judgment was entered here on January 14, 2009. Starting the ten-day period on January 15th and counting in accord with Federal Rule of Civil Procedure 6 (thereby excluding intervening weekends and court holidays), any Rule 59 motion had to be filed by January 29, 2009. Affording the incarcerated and pro se Mr. Wendt the benefit of the "mailbox rule," his motion to reconsider was filed <u>after</u> January 29th and, for that reason, is not governed by Rule 59(e).[1]

---

[1] The mailbox rule holds that certain pro se prisoner pleadings are considered filed when they are given to prison authorities, rather than when they are actually received by the Court. *Rutledge v. U.S.*, 230 F.3d 1041, 1052 (7th Cir. 2000), *cert. denied*, 531 U.S. 1199 (2001); *Houston v. Lack*, 487 U.S. 266 (1988).

Thus the Court turns to Rule 60(b), which allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud and "any other reason that justifies relief."

A Rule 60(b) motion *cannot* be used to correct legal errors, mistakes or blunders. **Cash v. Illinois Division of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000)(movant's arguments "cannot be shoe-horned into grounds for Rule 60(b) relief.").** Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" **Cash, 209 F.3d at 698.**

The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. **Romo, 250 F.3d at 1121 n.3.** Clearly, a Rule 60(b) motion may not be used as a substitute for an appeal or to rehash the merits of arguments previously raised by the parties and rejected by the Court. **See Stoller v. Pure Fishing, Inc., 528 F.3d 478, 479-80 (2008)(Rule 60(b) motion could not be used as substitute for an appeal); Bell v. Eastman Kodak Co., 214 F.3d 798, 800-01 (7th Cir. 2000)("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").**

In the instant case, Wendt complains that this Court should have looked past Seventh Circuit precedent and adopted the approach of other Circuits as to the enforceability and effect of waivers contained within plea agreements. Additionally, he contends that his counsel was ineffective in failing to adequately explain the "stringent ramifications of signing the waiver in the Plea Agreement" (Doc. 14, p. 2).

Some of Wendt's contentions (the ineffective assistance claims) are mere rehash of points he raised and "lost" via this Court's prior § 2255 ruling. Other contentions could have been but weren't presented previously, either in the original § 2255 petition or in the briefs which followed. Wendt was given ample opportunity to file a *reply* brief after the Government responded to his § 2255 motion. He did not do so.

Dissatisfied with the outcome of the § 2255 proceeding, he cannot now tender arguments he failed to include previously. Moreover, to the extent Wendt endeavors to offer fresh grounds for § 2555 relief, he has not followed the rules requiring him to obtain permission before filing a second or successive § 2255 petition. **See Rule 9 of RULES GOVERNING SECTION 2255 PROCEEDINGS.**

Analyzed under Rule 60(b), Wendt's motion fares no better. Wendt has identified no ground satisfying the "extraordinary requirements for Rule 60(b) relief, which is granted only in exceptional circumstances." **Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009), *citing Harrington v. City of***

*Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

For all the above-stated reasons, the Court DENIES Wendt's "Motion to Reconsider" (Doc. 14).

IT IS SO ORDERED.

DATED this 18th day of March 2009.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE